ROSENTHAL, MONHAIT & GODDESS, P. A.

ATTORNEYS AT LAW

SUITE 1401, 919 MARKET STREET

P. O. BOX 1070

WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

December 11, 2007

## VIA HAND DELIVERY and CM/ECF

The Honorable Mary Pat Thynge
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100, Lockbox 8
Wilmington, DE 19801

> **Re:**   *Trevino et al v. Merscorp Inc. et al.*, **Case No. 1:07-cv-568-\*\*\***

Dear Judge Thynge:

We, together with Harwood Feffer LLP in New York, are plaintiffs' counsel in the referenced matter and write to Your Honor seeking early guidance on establishing efficient and economical procedures for this complex, multiparty matter. Indeed, based on the number of defendants and tremendous interests at stake, plaintiffs foresee a flood of early motion practice that will heavily tax both the parties and Court. As such, plaintiffs respectfully request that at the Court's nearest convenience, a case management conference be scheduled.

By way of background, the Amended Complaint alleges breach of contract claims against eleven defendants. Two of the eleven, Merscorp, Inc., and its wholly owned subsidiary, Mortgage Electronic Registration Systems, Inc. (collectively, "MERS"), are defendants whose liability stems from their being named as assignees on the mortgage notes forming the basis of plaintiffs' complaint. The other nine, the principal shareholders of MERS (*i.e.*, Citigroup Inc., Countrywide Financial Corporation, Fannie Mae, Freddie Mac, GMAC-RFC Holding Company, LLC, d/b/a GMAC Residential Funding Corporation, HSBC Finance Corporation, JPMorgan Chase & Co, Washington Mutual Bank, and Wells Fargo & Company), are defendants whose liability is premised on a theory of piercing the corporate veil. By agreement, currently all defendants have until December 28, 2007 to respond to the Amended Complaint.

The Honorable Mary Pat Thynge
December 11, 2007
Page 2

As noted above, either upon the current response date or a future date agreed upon by the parties, it is not unreasonable to predict that plaintiffs will be confronted with numerous motions from defendants. In addition to motions to dismiss, plaintiffs anticipate at least some defendants will present venue and jurisdictional motions. All totaled, there could be more than a dozen separate motions with differing briefing schedules and proposed hearing dates. Clearly, the resulting time and resource burden will be tremendous on the parties and Court alike.

Accordingly, plaintiffs respectfully submit that setting an early case management conference would assist in clarifying the likely issues and would promote efficiency and economy in terms of procedure and scheduling. For instance, to the extent there are global issues, costly and duplicative briefing could be avoided through the filing of an omnibus brief filed by all defendants. Any individualized issues could then be handled through supplemental submissions. Plaintiffs could likewise respond in an omnibus brief that addresses all arguments. Combined with a reasonable briefing schedule, plaintiffs respectfully submit that such a procedure would drastically improve the efficient and economical management of this matter.

Should Your Honor wish to convene an early case management conference, plaintiffs' counsel are available at the Court's convenience.

Respectfully yours,

/s/ Carmella P. Keener

Carmella P. Keener (DSBA No. 2810)
*Attorneys for Jose Trevino and Lorry S. Trevino*

cc:    Jeffrey M. Norton, Esquire (via CM/ECF)
       Kevin F. Brady, Esquire (via CM/ECF)
       Katharine V. Jackson, Esquire (via CM/ECF)
       Stephen E. Herrmann, Esquire (via CM/ECF)
       Kenneth J. Nachbar, Esquire (via electronic mail)
       Michael R. Nestor, Esquire (via electronic mail)
       Scott Nardi, Esquire (via electronic mail)
       Clerk of the Court (via hand delivery)