IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE TREVINO and LORRY S. TREVINO, Individually and On Behalf Of All Others Similarly Situated, )<br>)<br>)<br>) | |
| Plaintiffs, )<br>) | C.A. No. 07-568-JJF |
| v. )<br>) | |
| MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIGROUP INC., COUNTRYWIDE FINANCIAL CORPORATION, FANNIE MAE, FREDDIE MAC, GMAC-RFC HOLDING COMPANY, LLC d/b/a GMAC RESIDENTIAL FUNDING CORPORATION, HSBC FINANCE CORPORATION, JPMORGAN CHASE & CO, WELLS FARGO & COMPANY, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**SHAREHOLDER DEFENDANTS' OPPOSITION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE OF CERTAIN PUBLIC RECORDS
<u>AND WRITTEN COMPANY MATERIALS</u>**

David J. Baldwin (#1010)
Peter J. Walsh, Jr. (#2437)
David E. Moore (#3983)
Michael B. Rush (#5061)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dbaldwin@potteranderson.com
pwalsh@potteranderson.com
dmoore@potteranderson.com
mrush@potteranderson.com

*Attorneys for Defendant Freddie Mac*

Kenneth J. Nachbar (#2067)
Morris, Nichols, Arsht & Tunnell LLC
1201 No. Market Street, 18 Fl.
P.O. Box 1347
Wilmington, DE 19899-1347
T: (302) 351-9294
knachbar@mnat.com

*Attorneys for Defendant CitiMortgage, Inc.
(Citigroup, Inc.)*

John T. Dorsey (#2988)
Erin Edwards (#4392)
Young, Conaway, Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
T: (302) 571-6712 – Dorsey
jdorsey@ycst.com
eedwards@ycst.com

*Attorneys for Defendant Fannie Mae*

Katharine V. Jackson (#4800)
Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801
T: (302) 778-7500
kjackson@reedsmith.com

*Attorneys for Defendant GMAC-RFC Holding*

Stephen E. Herrmann (#691)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
T: (302) 651-7730
herrmann@rlf.com

*Attorneys for Defendant HBSC Finance
Corporation*

        David S. Eagle (#3387)
        Kelly A. Green (#4095)
        **Klehr, Harrison, Harvey,**
         **Branzburg & Ellers**
        919 Market Street
        Suite 1000
        Wilmington, DE  19801
        T: (302) 426-1189 – David
        deagle@klehr.com
        kgreen@klehr.com

        *Attorneys for Defendant JP Morgan Chase*
        *& Co.*

        Richard D. Kirk
        The Bayard Firm
        222 Delaware Ave.
        Suite 900
        P.O. Box 25130
        Wilmington, DE 19899
        T: (302) 655-5000
        F: (302) 658-6395
        rkirk@bayardfirm.com

        *Attorneys for Defendants Washington Mutual*
        *Bank; Wells Fargo & Company; and*
        *Countrywide Financial Corporation*

Dated: June 10, 2008

The Shareholder Defendants[1] hereby oppose Plaintiffs' April 28, 2008 request (the "Request") (D.I. 57) that this Court take judicial notice of certain extraneous documents the Plaintiffs seek to use in opposition to the Defendants' motion to dismiss the Amended Complaint. As discussed below, the motion should be denied.

### A. Judicial Notice of the Materials Proffered by the Plaintiffs Is Not Appropriate.

Under Rule 201, judicial notice is appropriate only where the fact to be noticed is not subject to reasonable dispute. Fed. R. Evid. 201(b). Moreover, Rule 201 requires that the materials to be judicially noticed be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* The Third Circuit has acknowledged that while judicial notice can be taken at any state of the proceedings, it should be used sparingly at the pleadings stage: "Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). That standard is not met here.

### B. The Alleged Facts from an Unrelated Appellate Matter Are Neither Reasonably Verifiable nor Accurate.

Plaintiffs seek to introduce portions of the record on appeal from an unrelated case, including portions of deposition transcripts of officers of MERS and the Federal Home Loan Mortgage Corporation, and portions of a transcript recounting dialogue between counsel for MERS and a district court judge. These materials are not appropriate for judicial notice.

While a court can take judicial notice of court records, this Court should not accept the contents of those records as an indisputable fact. "In general, documents may not be judicially noticed for the truth of the matters stated in them." 1 Jack B. Weinstein & Margaret A. Berger,

---

[1] The "Shareholder Defendants," as used in this opposition, means all defendants except Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc.

Weinstein's Federal Evidence § 201.12[3] (2d ed. 2008). Rather, court records and depositions are noticed only to show the existence of the litigation or the filing of such documents. *See, e.g., Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (refusing to judicially notice the contents of the board of directors' meeting minutes, and instead noticing only the fact that such minutes existed and were filed). The existence of a factual assertion in a court document or deposition does not make the fact indisputable. *See Ernst v. Child & Youth Servs.*, 108 F.3d 486, 498-499 (3d Cir. 1997) (holding that the lower court did not err by taking notice of the *filing* of an affidavit, but not the contents); *In re Armorflite Precision, Inc.*, 48 B.R. 994, 996-97 (D. Me. 1985) (holding that the bankruptcy court properly refused to take judicial notice of the debtor's financial statements despite the fact that the statements were filed with the court).

The cases cited by Plaintiffs in the Request stand for the same proposition. *See Phonometrics, Inc. v. Hospitality Intl., Inc.*, 120 Fed. Appx. 341, 345 (Fed. Cir. 2005) ("The district court did not conclude that non-infringement was indisputable from the statements. Rather the district court merely recognized that the transcripts of prior court proceedings were sources 'whose accuracy cannot reasonably be questioned.'"); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) (taking judicial notice only of the inmate's extensive record of litigation in the federal courts); *In re Peregrine Sys., Inc.*, 311 B.R. 679, 692 (D. Del. 2004) ("I will take judicial notice only of the existence and contents of these documents, without making any determination regarding the truth of any facts represented therein."); *Southmark Prime Plus v. Falzone, L.P.*, 776 F. Supp. 888, 892 (D. Del. 1991) (noting that a court can take judicial notice of the contents of court records from another jurisdiction, but without any discussion of whether the court would accept those records for the truth of the matter asserted).

2

As reflected in their Omnibus Memorandum of Law in Opposition to Defendants' Motion To Dismiss ("Omnibus Memo"), Plaintiffs seek to use the deposition evidence precisely in the manner deemed inappropriate by the Third Circuit and the other courts above—to argue, for example, that MERS in fact does not pay dividends to its shareholders and that veil piercing is therefore appropriate. (Omnibus Mem. 33-34.)

The validity of the courts' refusal to take judicial notice of alleged facts in court documents is borne out in this case. Here, the purported "fact" upon which the Plaintiffs would rely is not merely incapable of "accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," it is demonstrably false. Indeed, even if the proffered statements from February, 2002 (regarding nonpayment of dividends) were correct at one time, as shown by the sworn declaration of Bill Hultman (the "Declaration"), Senior Vice President of MERS, MERS has paid dividends to its shareholders each year since 2004. (Decl. of Bill Hultman, attached hereto as Exhibit A.) The Declaration illustrates the fundamental problem with the Plaintiffs' request—the facts purported by the Plaintiffs to be subject to Rule 201 are not indisputable. The Shareholder Defendants should be allowed to present testimony explaining or contradicting the Plaintiffs' assertions.

The Plaintiffs are attempting to do something extraordinary by preventing the Shareholder Defendants from offering contrary evidence to the materials the Plaintiffs want to notice, which contravenes Rule 201. Rule 201 is not designed to prevent competing evidence from being admitted regarding contested facts but, rather, to take judicial notice of facts where there is no reasonable dispute. The transcripts put forth by Plaintiffs are not even reasonably

accurate, let alone subject to accurate and reasonable confirmation, and the Court should reject Plaintiffs' request for judicial notice.[2]

### C. The Purported "Facts" in the Press Release and "Rules of Membership" Are Likewise Not Properly Subject to Judicial Notice.

Plaintiffs also seek judicial notice of two items purportedly taken from the MERS website: a 5/24/2007 press release and the MERS "Rules of Membership." Neither item should be noticed by the Court.

The Third Circuit has specifically held that it is improper for a district court to take judicial notice of items taken from a company's website. *See Tieman*, 499 F.3d at 236. The court noted that a company's website is a marketing tool, often containing the sort of "puffery" and "fluff" that will preclude the prerequisite finding under Federal Rule of Evidence 201—namely, that the content originated from "sources whose accuracy cannot be reasonably be questioned." *Id.* In *Tieman*, the court refused to grant judicial notice to website information that was offered against the author of the website. *See id. A fortiori*, it would be particularly inappropriate to take judicial notice of such ostensible "facts" where, as here, the Plaintiffs seek to bind third parties rather than the author of the alleged statements.

### D. The Search Results Likewise Do Not Meet the Standard for Judicial Notice.

Finally, Plaintiffs seek to have this Court take judicial notice of "Deed Search Results" for Plaintiffs property. Like the argument presented above regarding other website materials,

---

[2] Judicial notice of the purported "facts" asserted by Plaintiffs is all the more inappropriate given that Plaintiffs provided only portions of the transcripts they seek to use. As one of the cases cited by Plaintiffs indicates, in order to sustain its burden that judicial notice is warranted, a party must *"supply the court with the source material needed to determine whether the request is justified."* In re Tyrone F. Connor Corp., 140 B.R. at 781. Of course, even if the Plaintiffs complied with the requirement to provide the materials they attempt to notice in their entirety, the materials still are not of the type that should be judicially noticed, as set forth above.

4

judicial notice of the Deed Search Results would be improper under the Federal Rules of Evidence because the material in question has not been authenticated, and does not appear to be from a source "whose accuracy cannot reasonably be questioned." *See Tieman*, 499 F.3d at 236.[3]  In fact, while Plaintiffs state that the Deed Search Results name MERS as the mortgagee of record (Pl.'s Req. 3), there is no indication from the documents attached to Plaintiffs' Request that this is the case.

## CONCLUSION

For the foregoing reasons, the Shareholder Defendants respectfully request that the Court deny Plaintiffs' Request for Judicial Notice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By  /s/ David J Baldwin
David J. Baldwin (#1010)
Peter J. Walsh, Jr. (#2437)
David E. Moore (#3983)
Michael B. Rush (#5061)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dbaldwin@potteranderson.com
pwalsh@potteranderson.com
dmoore@potteranderson.com
mrush@potteranderson.com

*Attorneys for Defendant Freddie Mac*

---

[3] Once again, the document attached to Plaintiffs' Request is incomplete, with no explanation regarding the missing information.

863041v9

MORRIS, NICHOLS, ARSHT &
TUNNELL LLC


By  /s/ *Kenneth J. Nashbar*
    Kenneth J. Nachbar (#2067)
    1201 No. Market Street, 18 Fl.
    P.O. Box 1347
    Wilmington, DE  19899-1347
    Tel:  302-351-9294
    knachbar@mnat.com

*Attorneys for* CitiMortgage, Inc.(Citigroup, Inc.)

YOUNG, CONAWAY, STARGATT
&amp; TAYLOR LLP


By  /s/ *John T. Dorsey*
    John T. Dorsey (#2988)
    Erin Edwards (#4392)
    1000 West Street, 17th Floor
    P.O. Box 391
    Wilmington, DE  19899-0391
    Tel:  302-571-6712
    jdorsey@ycst.com

*Attorneys for Fannie Mae*

REED SMITH LLP


By  /s/ *Katherine V. Jackson*
    Katharine V. Jackson (#4800)
    1201 Market Street
    Suite 1500
    Wilmington, DE  19801
    T: (302) 778-7500
    kjackson@reedsmith.com

*Attorneys for GMAC-RFC Holding*

6

RICHARDS, LAYTON & FINGER

By /s/ Stephen E. Herrmann
   Stephen E. Herrmann (#691)
   One Rodney Square
   P.O. Box 551
   Wilmington, DE 19899
   T: (302) 651-7730
   herrmann@rlf.com

*Attorneys for HBSC Finance Corporation*

KLEHR, HARRISON, HARVEY,
  BRANZBURG & ELLERS

By /s/ Kelly A. Green
   David S. Eagle (#3387)
   Kelly A. Green (#4095)
   919 Market Street
   Suite 1000
   Wilmington, DE 19801
   T: (302) 426-1189 – David
   deagle@klehr.com
   kgreen@klehr.com

*Attorneys for JP Morgan Chase & Co.*

THE BAYARD FIRM

By /s/ Richard D. Kirk
   Richard D. Kirk (#922)
   222 Delaware Ave.
   Suite 900
   P.O. Box 25130
   Wilmington, DE 19899
   T: (302) 655-5000
   F: (302) 658-6395
   rkirk@bayardfirm.com

*Attorneys for Washington Mutual Bank;*
*Wells Fargo & Company; and*
*Countrywide Financial Corporation*

Dated: June 10, 2008

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE TREVINO and LORRY S. TREVINO, Individually and On Behalf Of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIGROUP INC., COUNTRYWIDE FINANCIAL CORPORATION, FANNIE MAE, FREDDIE MAC, GMAC-RFC HOLDING COMPANY, LLC d/b/a GMAC RESIDENTIAL FUNDING CORPORATION, HSBC FINANCE CORPORATION, JPMORGAN CHASE & CO, WASHINGTON MUTUAL BANK, and WELLS FARGO & COMPANY,<br><br>    Defendants. | C.A. No. 07-568-JJF<br><br>**JURY TRIAL DEMANDED** |

### DECLARATION OF BILL HULTMAN

I, Bill Hultman, being duly sworn, hereby depose and state:

1. I am the Senior Vice President of MERSCORP Inc.

2. I have personal knowledge of the facts stated in this Declaration.

3. For each of the years 2004, 2005, 2006 and 2007, MERSCORP, Inc. has paid its shareholders (including holders of Class A Common Stock, Class B Common Stock, and Class C Common Stock) dividends.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct.

Dated June 6, 2008.

_/s/ Bill Hultman_
Bill Hultman

1-MI/6207422