## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSE TREVINO and LORRY S. TREVINO,
Individually and On Behalf Of All Others
Similarly Situated,

                Plaintiffs,

         v.

MERSCORP, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., CITIGROUP INC., COUNTRYWIDE
FINANCIAL CORPORATION, FANNIE MAE,
FREDDIE MAC, GMAC-RFC HOLDING
COMPANY, LLC d/b/a GMAC RESIDENTIAL
FUNDING CORPORATION, HSBC FINANCE
CORPORATION, JPMORGAN CHASE & CO.
WASHINGTON MUTUAL BANK, and
WELLS FARGO & COMPANY,

                Defendants.

C.A. No. 07-568-JJF

## SHAREHOLDER DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## THEIR MOTION TO DISMISS AMENDED COMPLAINT

BAYARD, P.A

**Of Counsel :**
Thomas M. Hefferon
Scott B. Nardi
Goodwin Procter LLP
901 New York Ave., NW
Washington, DC 20001
(202) 346-4000
thefferon@goodwinprocter.com
snardi@goodwinprocter.com

Richard D. Kirk (No. 922)
Stephen B. Brauerman (No. 4952)
222 Delaware Ave., Suite 900
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Defendants Countrywide*
*Financial Corp., Washington Mutual Bank,*
*and Wells Fargo & Co.*

<table>
<tr><td>

**Of Counsel:**
Irene Freidel
Bruce Allensworth
K&LGates
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 951-9154
bruce.allensworth@klgates.com
irene.freidel@klgates.com

</td><td>

RICHARDS, LAYTON & FINGER, P.A.

Stephen E. Herrmann (No. 691)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
herrmann@rlf.com

*Attorneys for Defendant HSBC Finance Corporation*

</td></tr>
</table>

|  |  |
|---|---|
| **Of Counsel:**<br>William McKenna<br>Jill Murch<br>Foley & Lardner LLP<br>321 North Clark<br>Suite 2800<br>Chicago, IL 60610<br>(312) 832-4541<br>WMcKenna@foley.com<br>jmurch@foley.com | YOUNG CONAWAY STARGATT &<br>TAYLOR LLP<br><br>John T. Dorsey (No. 2988)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600<br>jdorsey@ycst.com<br><br>*Attorneys for Defendant Fannie Mae* |

|  |  |
|---|---|
| **Of Counsel:**<br>LeAnn Pedersen Pope<br>Danielle Szukala<br>Burke, Warren, MacKay & Serritella,<br>P.C.<br>330 N. Wabash Avenue<br>22nd Floor<br>Chicago, Illinois  60611<br>(312) 840-7000<br>lpope@burkelaw.com<br>dszukala@burkelaw.com | KLEHR, HARRISON, HARVEY,<br>BRANZBURG & ELLERS  LLP<br><br>David S. Eagle (No. 3387)<br>Kelly A. Green (No. 4095)<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801<br>(302) 426-1189<br>deagle@klehr.com<br>kgreen@klehr.com<br><br>*Attorneys for Defendant JPMorgan Chase &<br>Co.* |

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

**Of Counsel:**

Lucia Nale

Thomas V. Panoff

Mayer Brown LLP

71 S. Wacker Drive

Chicago, IL 60606

(312) 706-0600

lnale@mayerbrown.com

tpanoff@mayerbrown.com

Kenneth J. Nachbar (No. 2067)

Chase Manhattan Centre, 18th Floor

1201 North Market Street

P.O. Box 1347

Wilmington, DE  19899-1347

(302) 351-9294

knachbar@mnat.com

*Attorneys for Defendant CitiMortgage, Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

ARGUMENT .......................................................................................................... 2

I.    Plaintiffs Do Not Properly Respond to the Arguments Raised in the
      Shareholders' Motion to Dismiss ................................................................ 2

II.   Plaintiffs Have Not Adequately Alleged the Elements of a Veil Piercing
      Claim Against the Shareholder Defendants. ............................................... 3

      A.    The Motion is not Premature. .......................................................... 3
      B.    Plaintiffs Continue to Ignore the Veil Between MERS and
            Merscorp. ......................................................................................... 4
      C.    Plaintiffs Have Failed to Allege Fraud or Injustice in the Corporate
            Form. ................................................................................................ 6
      D.    Plaintiffs Fail to Adequately Plead the Factors Necessary to State a
            Claim for Veil Piercing. .................................................................. 8

III.  Plaintiffs' Attempts To Introduce New Theories of Liability Must Be
      Rejected .................................................................................................... 11

      A.    Plaintiffs' New Agency Theory is Unsupported by the Allegations
            in the Amended Complaint. ........................................................... 11
      B.    Plaintiffs Assert Nothing in Their Complaint That Would Support
            a Claim for Direct Liability Against Washington Mutual. .......... 12

IV.   The Shareholder Defendants Join in the Grounds for Dismissal Presented
      in the Reply Filed by MERS. .................................................................... 13

CONCLUSION .................................................................................................... 13

## TABLE OF AUTHORITIES

**CASES:**                                                                                          **Page**

Am. Bell, Inc. v. Fed'n of Tel. Workers, 736 F.2d 879 (3d Cir. 1984) ............................................8

Beauchamp v. Chichester Sch. Dist., No. 05-4141, 2005 U.S. Dist. LEXIS 28677
    (E.D. Pa. 2005)....................................................................................................................2

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, ____ U.S. ____ (2007) ........................................2

C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556 (D. Del. 1998)............................................4

Crosse v. BCBSD, Inc., 836 A.2d 492 (Del. 2003) .....................................................................6

Doyle v. Hoyle, Case No. 92-24458, 1995 U.S. Dist. LEXIS 10347
    (D.N.H. Jul. 20, 1995)........................................................................................................9

Harco Nat'l Ins. Co. v. Green Farms, Inc., C.A. No. 1131, 1989 Del. Ch. LEXIS 114
    (Sept. 19, 1989)...................................................................................................................8

In re Prairie Trunk Ry., Bankr. No. 85 B 09421, 1991 Bankr. LEXIS 1474
    (Bankr. N.D. Ill. Sept. 27, 1991)........................................................................................9

In re TeleGlobe Commc'n Corp., 493 F.3d 345 (3d Cir. 2007) ...................................................7

Labadie Coal Co. v. Black, 672 F.2d 92 (D.C. Cir. 1982)...........................................................9

LaSalle Nat'l Bank v. Perelman, 82 F. Supp. 2d 279 (D. Del. 2000)..........................................6

Local Union No. 98, IBEW v. Garney Morris, Inc., C.A. No. 03-5272,
    2004 U.S. Dist. LEXIS 9528 (E.D. Pa. May 21, 2004) .....................................................9

Mason v. Network of Wilmington, C.A. No. 19434-NC, 2005 Del. Ch. LEXIS 99
    (Jul. 1, 2005) ...................................................................................................................6, 8

Medi-Tech of Egypt Corp. v. Bausch & Lomb Surgical, C.A. No. 19760-NC,
    2004 Del. Ch. LEXIS 21 (Mar. 4, 2004) ...........................................................................4

Midland Interiors, Inc. v. Bureleigh, Case No. 18544, 2006 WL 3783476
    (Del. Ch. Dec. 19, 2006)....................................................................................................8

Mobil Oil v. Linear Films, Inc., 718 F. Supp. 260 (D. Del. 1989) .............................................11

Official Comm. of Unsecured Creditors of Buckhead Am. Corp. v. Reliance Capital
  Group (In re Buckhead Am. Corp.), 178 B.R. 956 (D. Del. 1994).................................4

Pauley Petroleum Inc. v. Cont'l Oil Co., 239 A.2d 629 (Del. 1968)..........................7, 10

Pearson v. Component Tech. Corp., 247 F.3d 471 (3d Cir. 2001) .............................5, 11

Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173 (3d Cir. 1988)................. 2, 8-9

Phillips v. Allegheny, 515 F.3d 224 (3d Cir. 2008)........................................................2

Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466 (3d Cir. 1988)...................5, 11

Pina v. Henkel Corp., No. Civ. A. 4048, 2008 U.S. Dist. LEXIS 24292
  (E.D. Pa. Mar. 26, 2008)..........................................................................................4

Publicker Indust. v. Roman Ceramics Corp., 603 F.2d 1065 (3d Cir. 1981)................11

Trs. of the Nat'l Elevator Indus. Pension Health Benefit & Educ. Funds v. Lutyk,
  332 F.3d 188 (3d Cir. 2003)..............................................................................6, 9, 10

United States v. Golden Acres, Inc., 702 F. Supp. 1097 (D. Del. 1988) ........................8

Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315 (3d Cir. 2008)...........3

Defendants Countrywide Financial Corporation, Washington Mutual Bank, Wells Fargo & Company, CitiMortgage, Inc., Fannie Mae, HSBC Finance Corporation, and JPMorgan Chase & Co (referred to herein as the "Shareholder Defendants") hereby submit this Reply in Support of their Motion to Dismiss the Plaintiffs' Amended Complaint.

As detailed in the Motion to Dismiss, Plaintiffs' Amended Complaint must be dismissed as to the Shareholder Defendants for several reasons. Simply put, there is no legal basis to pierce the corporate veil between them and Merscorp, Inc. (the entity owned by the Shareholder Defendants) or a basis for piercing the corporate veil between Merscorp, Inc. and Mortgage Electronic Registration System, Inc. ("MERS") (the only entity Plaintiffs allege to be responsible for the wrongdoing).

Despite their lengthy Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Opposition"),[1] Plaintiffs have failed to point to any allegations in the Amended Complaint that state a claim that corporate structures should be disregarded. Recognizing that, they attempt to save their case by impermissibly asserting new theories and pointing to alleged facts outside the Amended Complaint. Of course, such material and argument is not properly presented in response to a Motion to Dismiss and must be disregarded by the Court.

Whether the Court considers the additional allegations and arguments or not, the fact remains that Plaintiffs fail to allege a basis for piercing the MERS-Merscorp veil, fail to assert a claim that meets the critical requirement for veil piercing that MERS allegedly was conceived for

---

[1]    In addition to the Shareholder Defendants' Motion to Dismiss, the sufficiency of Plaintiffs' claims was challenged by separate motions filed by MERS and Merscorp, by Freddie Mac, and by GMAC-RFC Holding Company, LLC. By stipulation of the parties, Plaintiffs submitted a single opposition to the Motions to Dismiss. While this Reply focuses on the veil piercing arguments raised in the Shareholder Defendants' Motion, the arguments presented by the other defendants are independent bases for the rejection of Plaintiffs' claims and, to the extent applicable, are incorporated herein by reference.

a fraudulent purpose, and fail to allege any of the other elements that could support a veil piercing theory.  Furthermore, Plaintiffs' assertions that agency or direct liability theories can save their case are unavailing.  Accordingly, because Plaintiffs fail to make sufficient factual allegations to state a claim for relief, their Amended Complaint must be dismissed.

## ARGUMENT

I.    **Plaintiffs Do Not Properly Respond to the Arguments Raised in the Shareholders' Motion to Dismiss.**

In order to survive the Motion to Dismiss, Plaintiffs must be able to point to allegations in their Amended Complaint that support every element of their claims and demonstrate that their claims are not only conceivable, but plausible.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, ____ U.S. ____ (2007); Phillips v. Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (explaining that "a complaint [must] have enough factual matter (taken as true) to suggest the required element.").  Plaintiffs cannot use their Opposition as an opportunity to amend their complaint to assert facts or theories not present in that pleading.  Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 181 (3d Cir. 1988); Beauchamp v. Chichester Sch. Dist., No. 05-4141, 2005 U.S. Dist. LEXIS 28677, at *11 (E.D. Pa. 2005).

Though not permitted, that is precisely what Plaintiffs try to do.  Specifically, Plaintiffs point to discovery from other, unrelated cases which, they then contend, supports a veil piercing theory.  Plaintiffs request "judicial notice" of these vague materials.  See Plaintiffs' Request for Judicial Notice (D.I. 57).

But Plaintiffs' citation to extraneous materials and new arguments cannot be considered in response to the Shareholder Defendants' Motion.  The issue for this Court is whether Plaintiffs have stated a claim in the Amended Complaint.  If anything, the Request for Judicial Notice demonstrates that even Plaintiffs believe they have not done so.  In any event, the materials

Plaintiffs cite are irrelevant to their claims, cannot be considered, and the Court should not take judicial notice of them.[2]

## II.    Plaintiffs Have Not Adequately Alleged the Elements of a Veil Piercing Claim Against the Shareholder Defendants.

Plaintiffs' Amended Complaint—and, for that matter, their Opposition—fails to adequately address the primary deficiencies identified in the Motion to Dismiss, each one of which is independently fatal to their claims.  Specifically, Plaintiffs have not alleged sufficient facts in their Amended Complaint that, taken as true, would satisfy their burdens for piercing the MERS-Merscorp or Merscorp-Shareholder Defendants veil.  In particular, they fail to allege that MERS was set up for a fraudulent or unjust purpose; and they fail to raise a litigable issue concerning any of the other elements necessary to hold the Shareholder Defendants liable for the alleged wrongdoing of MERS.

### A.    The Motion is not Premature.

Plaintiffs first argue that consideration of the sufficiency of Plaintiffs' piercing claim is premature, because a piercing determination would require a "fact-intensive inquiry," but they are wrong.  Opp. at 25-27.  Plaintiffs cannot survive a Motion to Dismiss—nor can any litigant in any case—simply by arguing that a factual inquiry is required.  Rather, the complaint must identify facts that, if proven after the sought-after inquiry, would be sufficient to support their claim.  Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (3d Cir. 2008) ("The complaint must state enough facts to raise a reasonable expectation that discovery will

---

[2]    As noted in the defendants' Opposition to Plaintiffs' Request for Judicial Notice (D.I. 61), judicial notice is not appropriate.  Plaintiffs seek judicial notice of the transcripts of Court proceedings, which they inappropriately offer not simply for the fact of their existence but as proof of underlying facts.  Plaintiffs also improperly seek judicial notice of certain documents from MERS's website.  See Shareholder Defendants' Opposition to Plaintiffs' Request for Judicial Notice of Certain Public Records and Written Company Materials at 4 (D.I. 61).

reveal evidence of the necessary element.") (internal citations and quotations omitted).  If the complaint does not do so (and in this case it does not), dismissal is required.

The cases Plaintiffs cite for the proposition that a factual inquiry is required before veil piercing claims may be dismissed are easily distinguished because the plaintiffs in those cases had adequately pled facts sufficient to state a claim.  See, e.g., Official Comm. of Unsecured Creditors of Buckhead Am. Corp. v. Reliance Capital Group (In re Buckhead Am. Corp.), 178 B.R. 956, 975-76 (D. Del. 1994) (denying motion to dismiss where there were adequate factual allegations to support a claim to pierce the corporate veil); Pina v. Henkel Corp., No. Civ. A. 4048, 2008 U.S. Dist. LEXIS 24292, at *8 (E.D. Pa. Mar. 26, 2008) (denying motion to dismiss because plaintiffs plead all facts necessary to support piercing).  Here, on the other hand, because Plaintiffs fail to allege facts that, if true, would state a claim for piercing the corporate veil, the Amended Complaint cannot survive dismissal.  See, e.g., C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 559-60 (D. Del. 1998) (holding that where the complaint included no allegations of "fraud, injustice or inequity in the use of the corporate form" the corporate veil could not be pierced); Medi-Tech of Egypt Corp. v. Bausch & Lomb Surgical, C.A. No. 19760-NC, 2004 Del. Ch. LEXIS 21, at *30-34 (Mar. 4, 2004) (same).

### B.    Plaintiffs Continue to Ignore the Veil Between MERS and Merscorp.

As the Shareholder Defendants demonstrated in their Motion to Dismiss, before Plaintiffs can state a claim for holding the Shareholder Defendants liable for MERS's conduct, they must establish a basis for piercing the corporate veil between Merscorp, the company whose shares the Shareholder Defendants own, and its subsidiary MERS.  The Amended Complaint completely

ignores this requirement.  It does not allege a single fact that would support holding the parent

Merscorp liable for the alleged wrongs of its subsidiary, MERS.[3]

In response, Plaintiffs offer a new theory and new alleged facts:  that Merscorp and

MERS should be treated as one and the same, and that the fact that both have been named as

defendants is sufficient to establish joint liability.  Opp. at 24 n.16.  Plaintiffs do not—and

cannot—point to anything in the Amended Complaint to support this conclusion.[4]  Once again,

Plaintiffs must do more than make such conclusory allegations; to state a claim they must have

alleged a sufficient basis for finding that MERS is "a mere shadow of" Merscorp, thus allowing

the piercing of MERS's corporate veil.  See Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d

1466, 1476 (3d Cir. 1988) (to pierce the corporate veil in the absence of any allegation of direct

liability, Plaintiff must establish that an entity "is merely the shadow of" the parent corporation).

Even in their Opposition, the only support cited by Plaintiffs for their contention that

MERS and Merscorp are identical is the new assertion that the two share the same management

and employees.  Such facts, even if true, are simply not enough to state a claim to collapse a

parent and subsidiary.  Rather, there must be allegations of the elements of any veil piercing

analysis—e.g., allegations that, if proved, would demonstrate fraudulent intent, gross

undercapitalization, failure to observe corporate formalities, nonpayment of dividends, non-

functioning officers and directors, absence of corporate records, and the like.  See Pearson v.

Component Tech. Corp., 247 F.3d 471, 484-85 (3d Cir. 2001).

---

[3]  Plaintiffs erroneously assert, without citing any allegations in the Amended Complaint, that
they have brought a direct action against Merscorp.  In fact, all of their allegations make it
clear that MERS is the only entity against whom direct liability is asserted.  Opp. at 24, n.16.

[4]  Indeed, Plaintiffs' Amended Complaint asserts only that MERS is a wholly owned
subsidiary of Merscorp (Amd. Compl. ¶ 8(b)) and that its members include shareholders of
Merscorp (Amd. Compl. ¶ 8(c), D.I. 10).

There can be no basis to pierce the veil between shareholders of a parent and a subsidiary without some allegation of fact that, if true, would justify disregarding the veil between the parent and subsidiary.  There is no such allegation here, so this Court can and should dismiss the case.

### C.    Plaintiffs Have Failed to Allege Fraud or Injustice in the Corporate Form.

As demonstrated in the Shareholder Defendants' Motion to Dismiss, the use of the corporate form to perpetrate fraud or injustice is a required element in any veil piercing claim. Mason v. Network of Wilmington, C.A. No. 19434-NC, 2005 Del. Ch. LEXIS 99, at *10-11 (Jul. 1, 2005) (to pierce the corporate veil "the corporation must be a sham and exist for no other purpose than as a vehicle for fraud") (internal quotations omitted); LaSalle Nat'l Bank v. Perelman, 82 F. Supp. 2d 279, 295 (D. Del. 2000) ("In order to prevail on a claim to pierce the corporate veil . . . a plaintiff must prove that the corporate form causes fraud or similar injustice."). Nowhere in their Amended Complaint, however, do the Plaintiffs assert that MERS was created to visit fraud or injustice upon them or upon other borrowers.  Realizing that this omission is fatal to their claim, Plaintiffs assert in their Opposition that they do not need to allege fraud but concede that there must be an element of injustice. Opp. at 36.  Despite their partial concession, however, Plaintiffs do not show that the element of injustice has been alleged.

To state a claim for piercing the corporate veil, Plaintiffs must allege that the corporate form—from its inception—perpetrates an injustice. See Trs. of the Nat'l Elevator Indus. Pension Health Benefit & Educ. Funds v. Lutyk, 332 F.3d 188, 197 (3d Cir. 2003) (recognizing the importance of establishing that the corporation was created "to defraud its creditors or other improper purpose"); Crosse v. BCBSD, Inc., 836 A.2d 492, 497 (Del. 2003) ("To state a veil-piercing claim, the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors."

6

(internal quotations omitted)).  Yet Plaintiffs admit and allege that the company was created and

designed to, and does, serve a legitimate business purpose—facilitating a secondary mortgage

market.  (Am. Compl. ¶ 8(e)).  This allegation—which happens to be true—requires dismissal of

the case.  See, e.g., Pauley Petroleum Inc. v. Cont'l Oil Co., 239 A.2d 629, 633 (Del. 1968)

(refusing to pierce the veil where the record indicated that the corporation served a legitimate

business purpose).

      Plaintiffs cannot save the Amended Complaint by asserting that purported injustice lies in

the fact that MERS was allegedly created to place "a liability barrier between themselves and the

borrowers."  Opp. at 30.  A liability shield is the precise reason why the corporate form exists, is

so widely used in commerce, and is endorsed by courts.  See, e.g., In re TeleGlobe Commc'n

Corp., 493 F.3d 345, 371 (3d Cir. 2007) ("[F]orming separate corporations . . . realizes numerous

benefits, not the least of which are the liability shields.").  There is therefore nothing inherently

unjust in such liability shields.

      Moreover, apart from their own conclusory assertions, Plaintiffs fail to explain how the

corporate shield visits an injustice upon borrowers who were supposedly subjected to alleged

overcharges by their loan servicers.  Denying Plaintiffs' veil piercing claims does not interfere

with Plaintiffs' ability, if any, to seek to assert direct claims of liability against the company

servicing the loan.

      In their Opposition, Plaintiffs try to overcome their failure to allege fraud or injustice in

their Amended Complaint by comparing potential, alleged, aggregate liability to MERS's current

financial status, and asserting that is evidence of why "manifest injustice" will result without veil

piercing.  Opp. at 36-40.  Putting aside that this argument rests on entirely new allegations not

included in the Amended Complaint, it does not demonstrate that MERS at its inception was

created for an improper purpose. Even at its best, therefore, Plaintiffs' argument fails to demonstrate the critical element of veil piercing, and the Amended Complaint must be dismissed.

**D.    Plaintiffs Fail to Adequately Plead the Factors Necessary to State a Claim for Veil Piercing.**

As explained in the Shareholder Defendants' Motion, if fraud or injustice is alleged properly, courts consider a number of factors in determining whether it is appropriate to pierce the corporate veil. See Motion to Dismiss at 12 (citing, Pearson, 247 F.3d at 484-85); see also Am. Bell, Inc. v. Fed'n of Tel. Workers, 736 F.2d 879, 886 (3d Cir. 1984); United States v. Golden Acres, Inc., 702 F. Supp. 1097, 1104 (D. Del. 1988); Midland Interiors, Inc. v. Bureleigh, Case No. 18544, 2006 WL 3783476, at *3-6 (Del. Ch. Dec. 19, 2006); Mason, 2005 Del. Ch. LEXIS 99, at *10-11; Harco Nat'l Ins. Co. v. Green Farms, Inc., C.A. No. 1131, 1989 Del. Ch. LEXIS 114, at *11-16 (Sept. 19, 1989). None of these factors, let alone a combination of them, are sufficiently alleged by Plaintiffs. Accordingly, Plaintiffs have not pled a basis for holding the Shareholder Defendants liable and their Amended Complaint must be dismissed.

The only veil piercing factor asserted in the Amended Complaint is that MERS is undercapitalized—and, as previously argued, even that allegation is insufficiently pled. Conceding weakness, Plaintiffs attempt to buttress their facially insufficient allegations of undercapitalization by improperly citing to discovery from other cases and making the conclusory assertion that MERS's undercapitalization is "patently obvious considering its potential liabilities." Opp. at 31. These arguments cannot save their Amended Complaint, however, as Plaintiffs cannot rely on new facts in their Opposition to state a claim. Zimmerman,

836 F.2d at 181.[5]  Even if the alleged capitalization facts were properly alleged, the new facts

asserted in the Opposition do not support Plaintiffs' allegation that MERS is undercapitalized.

To support their claim that MERS is undercapitalized, Plaintiffs must assert sufficient

facts that would, if true, establish that, in light of (a) the standard capitalization in the particular

industry, (b) initial capital, (c) whether the corporation has met or can meet debts, and (d)

anticipated revenues, MERS was not a financially legitimate enterprise. See Doyle v. Hoyle,

Case No. 92-24458, 1995 U.S. Dist. LEXIS 10347, at *7 (D.N.H. Jul. 20, 1995); Labadie Coal

Co. v. Black, 672 F.2d 92, 99 (D.C. Cir. 1982); Local Union No. 98, IBEW v. Garney Morris,

Inc., C.A. No. 03-5272, 2004 U.S. Dist. LEXIS 9528, at *7-8 (E.D. Pa. May 21, 2004); In re

Prairie Trunk Ry., Bankr. No. 85 B 09421, 1991 Bankr. LEXIS 1474, at *21-24 (Bankr. N.D. Ill.

Sept. 27, 1991).  Plaintiffs, however, merely recite the number of employees and assets that

MERS has without comparison to similarly situated entities in the industry or initial capital or

corporate history.  Their allegations are thus facially insufficient.

Plaintiffs' assertion that MERS is plainly undercapitalized because it may not have

adequate capital to cover the potential liability that might arise as a result of the claims asserted

by the class does not save their claim.  The inability to cover potential future liability does not

constitute undercapitalization.  Lutyk, 332 F.3d at 198 (refusing to consider debt incurred after a

corporation was initially capitalized in its insolvency inquiry).  And Plaintiffs simply do not

allege anything about initial capital.

Although Plaintiffs mention other piercing factors in their Opposition—the payment of

dividends, insolvency, and use of the corporate form as an alleged façade for the shareholders—

---

[5]    Even if Plaintiffs' allegations of undercapitalization—the only piercing factor pled in the
Amended Complaint—were adequately pled, such allegations on their own are insufficient
to pierce the corporate veil.  See Lutyk, 332 F.3d at 197.

9

Plaintiffs do not allege any facts about those factors in their Amended Complaint. For that reason alone, their claims should be rejected.

Once again, however, even if alleged facts asserted by Plaintiffs for the first time in their Opposition could be used to assert a claim, Plaintiffs' assertions are flawed and do not support a veil piercing claim in any event. The failure to issue dividends (see Opp. at 33-34), even if true, is not dispositive of the veil-piercing issue.[6] Lutyk 332 F.3d at 197 (holding that the failure to issue dividends by a closely held corporation did not weigh in favor of piercing the corporate veil). The corporate form may exist to offer value other than profits to its shareholders. In this case, Plaintiffs admit that MERS serves a valid purpose in facilitating the secondary mortgage market. The Shareholder Defendants receive value from MERS through that role. See Pauley Petroleum Inc., 239 A.2d at 633 (finding that it was inappropriate to pierce the veil where the corporation served a legitimate business purpose). The payment of dividends is simply not necessary to establish the validity of a corporation's purpose.

Similarly, Plaintiffs' allegation (through their Opposition) that MERS may become insolvent does not support their claim. Opp. at 34. The fact that a corporation may become insolvent simply because a liability may arise that would exceed its capital is not enough to pierce the corporate veil. See Lutyk, 332 F.3d at 198 (explaining that evidence of insolvency is "severely limited" and does not justify piercing when it is based on findings that a company's financial trouble stemmed from costs of a pending lawsuit that occurred after the corporation's inception). Indeed, if threatened liability were sufficient, then nearly every corporation could be rendered insolvent for veil piercing purposes simply by a Plaintiff filing a big enough lawsuit.

---

[6]    And notably, as shown in the defendants' opposition to the Request for Judicial Notice (D.I. 61), MERS has, in fact paid dividends to shareholders over the past several years. See Shareholder Defendants' Opposition to Plaintiffs' Request for Judicial Notice of Certain Public Records and Written Company Materials at 3 (D.I. 61).

As Plaintiffs have not alleged a claim based on credible assertions of the various factors in support of piercing the corporate veil, the Amended Complaint must be dismissed.

**III.    Plaintiffs' Attempts To Introduce New Theories of Liability Must Be Rejected.**

    **A.    Plaintiffs' New Agency Theory is Unsupported by the Allegations in the Amended Complaint.**

In their Opposition, Plaintiffs improperly assert that the Shareholder Defendants can be held liable under an agency theory—an entirely new theory that they did not even mention in the Amended Complaint. The fact that Plaintiffs raise this theory for the first time in their Opposition would be sufficient on its own to warrant a rejection of the argument. That failure is exacerbated by Plaintiffs' failure to allege even the most basic elements of such a claim.

The Third Circuit has recognized that an agency argument like Plaintiffs' is not really a mechanism by which a plaintiff may "pierce the corporate veil," but is simply a way to assert direct liability for an agent's actions. See Publicker Indust. v. Roman Ceramics Corp., 603 F.2d 1065, 1070 (3d Cir. 1981).[7] So, in order to state a claim for direct liability under the agency theory, Plaintiffs must allege that MERS has "acted as the [Shareholder Defendants' agent] in a series of transactions and therefore has the power to bind the Shareholder Defendants." See Pearson, 247 F.3d at 488 n. 5; see also Phoenix Canada Oil Co. 842 F.2d at 1477 (when a customary agency relationship is alleged, the proponent must establish a relationship between the two parties and the cause of action; that an arrangement exists between the two parties so that one acts on behalf of the other within usual agency principles; and that such an arrangement is

---

[7]    Moreover, to the extent Plaintiffs' "agency theory" is really just an alternative way of describing their more traditional veil piercing argument, it fails for all of the reasons stated above. See Mobil Oil v. Linear Films, Inc., 718 F. Supp. 260, 271-72 (D. Del. 1989); Phoenix Canada Oil Co., 842 F.2d at 1476-77.

relevant to the claim of wrongdoing). In the absence of such allegations, Plaintiffs' attempt to hold the Shareholder Defendants directly liable cannot survive under the agency theory.

Plaintiffs simply do not allege anywhere in the Amended Complaint that an arrangement existed whereby MERS acted as an agent of the Shareholder Defendants when it engaged in the wrongdoing alleged in the Amended Complaint. In fact, Plaintiffs assert the opposite—they allege the Shareholder Defendants are agents of MERS. Amd. Comp. ¶ 8(g) ("In the various steps of administration of a mortgage, these beneficiaries act as agents of MERS, and with authority granted by MERS . . . ."); ¶ 27 ("In its directives to its members and agents regarding foreclosure procedures MERS states . . . ."); Opp. at 42-43. Without such allegations, Plaintiffs have not stated a claim that the Shareholder Defendants can be held liable under agency principles.

### B.     Plaintiffs Assert Nothing in Their Complaint That Would Support a Claim for Direct Liability Against Washington Mutual.

Plaintiffs also assert, for the first time in their Opposition, that they have a direct liability claim against defendant Washington Mutual Bank ("Washington Mutual"). The Amended Complaint does not even attempt to state a direct liability claim against Washington Mutual, nor does it state any facts that would support such a finding. Indeed, the only fact pled in the Amended Complaint that Plaintiffs point to in their Opposition—that Washington Mutual was the "original lender and loan servicer on Plaintiffs' Mortgage Note" (Opp. at 46, citing Am. Compl. at ¶ 9(h))—cannot establish direct liability against Washington Mutual for what is otherwise alleged to have been a scheme between MERS and MERS's attorneys to inflate foreclosure related fees and costs.[8]

---

[8]    They also point to MERS's "Rules of Membership" (Opp. at 46), but they (again) are not part of the pleadings, and thus not properly considered here.

Moreover, even if Plaintiffs had pled such a claim against Washington Mutual, that direct liability claim would not support or save their veil piercing claim.  As any direct liability issue is irrelevant to the Motion to Dismiss, the Amended Complaint's allegations of veil piercing should be dismissed.

### IV.    The Shareholder Defendants Join in the Grounds for Dismissal Presented in the Reply Filed by MERS.

As discussed in the Motion to Dismiss and Reply filed by MERS, Plaintiffs also fail to state a claim for relief against MERS itself.  While the Shareholder Defendants do not recite all of MERS's arguments here, it is elementary that without a substantive claim against MERS, Plaintiffs' veil piercing attacks are irrelevant.

### CONCLUSION

For the foregoing reasons, as well as those stated in the Shareholder Defendants' Motion to Dismiss, Plaintiffs' Amended Complaint should be dismissed.

BAYARD, P.A.

**Of Counsel :**
Thomas M. Hefferon
Scott B. Nardi
Goodwin Procter LLP
901 New York Ave., NW
Washington, DC  20001
(202) 346-4000
thefferon@goodwinprocter.com
snardi@goodwinprocter.com

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (No. 922)
Stephen B. Brauerman (No. 4952)
222 Delaware Ave., Suite 900
Wilmington, DE  19899-5130
(302) 655-5000
RKirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Defendants Countrywide*
*Financial Corp., Washington Mutual Bank,*
*and Wells Fargo & Co.*

RICHARDS, LAYTON & FINGER, P.A.

**Of Counsel:**
Irene Freidel
Bruce Allensworth
K&LGates
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 951-9154
bruce.allensworth@klgates.com
irene.freidel@klgates.com

/s/ Stephen E. Herrman (sh0691)
Stephen E. Herrmann (No. 691)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
herrmann@rlf.com

*Attorneys for Defendant HSBC Finance Corporation*

YOUNG CONAWAY STARGATT & TAYLOR LLP

**Of Counsel:**
William McKenna
Jill Murch
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL 60610
(312) 832-4541
WMcKenna@foley.com
jmurch@foley.com

/s/ John T. Dorsey (jd2988)
John T. Dorsey (No. 2988)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jdorsey@ycst.com

*Attorneys for Defendant Fannie Mae*

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS  LLP

**Of Counsel:**
LeAnn Pedersen Pope
Danielle Szukala
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue
22nd Floor
Chicago, Illinois  60611
(312) 840-7000
lpope@burkelaw.com
dszukala@burkelaw.com

/s/ Kelly A. Green (de4095)
Kelly A. Green (No. 4095)
David S. Eagle (No. 3387)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189
deagle@klehr.com
kgreen@klehr.com

*Attorneys for Defendant JPMorgan Chase & Co.*

14

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

**Of Counsel:**
Lucia Nale

/s/ Kenneth J. Nachbar (kn2067)

Thomas V. Panoff

Kenneth J. Nachbar (No. 2067)

Mayer Brown LLP

Chase Manhattan Centre, 18th Floor

71 S. Wacker Drive

1201 North Market Street

Chicago, IL 60606

P.O. Box 1347

(312) 706-0600

Wilmington, DE  19899-1347

lnale@mayerbrown.com

(302) 351-9294

tpanoff@mayerbrown.com

knachbar@mnat.com

*Attorneys for Defendant CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 10, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Carmella P. Keener
Rosenthal, Monhait, Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070

Kevin F. Brady
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

Katharine V. Jackson
Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE  19801

Stephen E. Herrmann
Richards, Layton & Finger, P.A.
One Rodney Square
PO Box 551
Wilmington, DE  19899

David S. Eagle
Klehr, Harrison, Harvey,
Branzburg & Ellers
919 Market Street
Suite 1000
Wilmington, DE  19801

John T. Dorsey
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

David J. Baldwin
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE  19801

Kenneth J. Nachbar
Morris Nichols Arsht & Tunnell LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
PO Box 1347
Wilmington, DE  19899-1347

The undersigned counsel further certifies that, on June 10, 2008, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Robert M. Brochin
Sean M. O'Neill
Morgan Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL  33131-2339

Matthew S. Chase
The Chase Law Firm, PC
8123 Delmar Boulevard
University City, MO  63130-3729

Lucia Nale
Thomas V. Panoff
Mayer Brown
71 S. Wacker Drive
Chicago, IL  60606

Irene Freidel
Bruce Allensworth
K& L Gates
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950

Jeffrey M. Norton
Robert I. Harwood
Harwood Feffer LLP
488 Madison Avenue
New York, NY  10022

Henry F. Reichner
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

William McKenna
Jill Murch
Foley & Lardner LLP
321 North Clark, Suite 2800
Chicago, IL  60610

LeAnn Pedersen Pope
Danielle Szukala
Burke, Warren, MacKay & Serritella
330 N. Wabash Avenue
22nd Floor
Chicago, IL  60611


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{00725240;v1}