IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE TREVINO and LORRY S. TREVINO, Individually and On Behalf Of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>MERSCORP, INC., et al.,<br><br>                Defendants. | Case No. 07-568-JJF |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs hereby move this Court for Leave to File a Surreply in opposition to the various defendants' motions to dismiss (D.I. 40, 42, 45, and 47). The purpose for the surreply, a copy of which is attached hereto at Exhibit A, is solely to respond to certain arguments made for the first time by defendants in their various objections (D.I. 61 and 63; see D.I. 60, 65 and 66) to plaintiffs' request for judicial notice. (D.I. 57).

WHEREFORE, plaintiffs respectfully request that the Court enter an Order in the form submitted herewith permitting plaintiffs to file their surreply in support of their request for judicial notice of certain public records and written company materials.

Dated: June 24, 2008

                                            Respectfully submitted,

                                            **ROSENTHAL, MONHAIT & GODDESS, P.A.**

OF COUNSEL:

**HARWOOD FEFFER LLP**            By:   /s/ Carmella P. Keener
Robert I. Harwood, Esq.                  Carmella P. Keener (Bar ID No. 2810)
Jeffrey M. Norton, Esq. (*pro hac vice*)  Citizens Bank Center, Suite 1401
Roy Shimon, Esq.                         Wilmington, DE 19899-1070
488 Madison Avenue                  (302) 656-4433
New York, NY 10022                  ckeener@rmgglaw.com
Tel: (212) 935-7400
Fax: (212) 753-3630
rharwood@hfesq.com                 *Attorneys for Plaintiffs*
jnorton@hfesq.com
rshimon@hfesq.com

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on June 24, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send notification of such filing to the following:

Kevin F. Brady, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130

David J. Baldwin, Esquire
Potter, Anderson & Corroon LLP
350 Delaware Trust Building
P.O. Box 951
Wilmington, DE 19899-0951

Stephen E. Herrmann, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Kenneth J. Nachbar, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

John T. Dorsey, Esquire
Erin Edwards, Esquire
Young Conaway Stargatt
  & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Katharine V. Jackson, Esquire
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19801-1163

David S. Eagle, Esquire
Kelly A. Green, Esquire
Klehr Harrison Harvey
Branzburg & Ellers LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801

/s/ Carmella P. Keener
Carmella P. Keener (Bar ID No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com
*Attorneys for Plaintiffs*
*Jose Trevino and Lorry S. Trevino*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE TREVINO and LORRY S. TREVINO, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERSCORP, INC., et al.,<br><br>Defendants. | Case No. 07-568-JJF |

### NOTICE OF MOTION

TO: All Counsel on Certificate of Service

PLEASE TAKE NOTICE that plaintiffs will present Plaintiffs' Motion for Leave to File Surreply on Friday, September 12, 2008 at 2:00 p.m. or at such other time that is convenient to the Court and counsel.

Dated: June 24, 2008

OF COUNSEL:

**HARWOOD FEFFER LLP**
Robert I. Harwood, Esq.
Jeffrey M. Norton, Esq. (*pro hac vice*)
Roy Shimon, Esq.
488 Madison Avenue
New York, NY 10022
Tel: (212) 935-7400
Fax: (212) 753-3630
rharwood@hfesq.com
jnorton@hfesq.com
rshimon@hfesq.com

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

By:  /s/ *Carmella P. Keener*
Carmella P. Keener (Bar ID No. 2810)
Citizens Bank Center, Suite 1401
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

*Attorneys for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE TREVINO and LORRY S. TREVINO, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. CITIGROUP INC., COUNTRYWIDE FINANCIAL CORPORATION, FANNIE MAE, FREDDIE MAC, GMAC-RFC HOLDING COMPANY, LLC d/b/a GMAC RESIDENTIAL FUNDING CORPORATION, HSBC FINANCE CORPORATION, JPMORGAN CHASE & CO., WASHINGTON MUTUAL BANK, and WELLS FARGO & COMPANY,<br><br>Defendants. | C.A. No. 07-568-JJF |

**PLAINTIFFS' SURREPLY IN FURTHER OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs submit this surreply in further opposition to Defendants' motions to dismiss (D.I. 40, 44, 45) and specifically to that portion of Defendants' Replies opposing Plaintiffs' Request for Judicial Notice of Certain Public Records and Written Company Materials ("Plaintiffs' Request") (D.I. 57).[1] This surreply is necessitated by certain

---

[1] The documents include: (a) St. Louis County "Deed Search Results" for Plaintiffs' property; (b) Relevant portions of the "Record on Appeal" in the matter *Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. v. Romaine*, Case No. 2004-04735 (Court of Appeals, State of New York) (*i.e.*, deposition testimony of R.K. Arnold, deposition testimony of Mark Fleming, and the transcript of proceedings held before the Hon. James M. Catterson, Supreme Court, State of New York, on May 15,

factual and legal inaccuracies and misrepresentations contained in Defendants' Objections (D.I. 61,63).

### A.   Standard For Taking Judicial Notice Upon a Party's Request

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed.R.Evid. 201(b). Rule 201(d) makes the taking of judicial notice upon a party's request mandatory when the requirements of Rule 201(b) are satisfied. *See* Fed.R.Evid. 201(d); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007). Because Defendants fail to demonstrate why the documents and written materials do not meet the standards of Rule 201, the Court should take judicial notice of these items as requested by Plaintiffs.[2]

### B.   The Deed Search Results Are Properly Subject to Judicial Notice

Defendants do not offer any plausible basis for not taking judicial notice of the Deed Search Results. Copies of publicly available deeds and search results of deeds registered with the county are properly subject to judicial review. *See U.S. v. Motto*, 1997 WL 408450, at *6, n.1 (E.D.Pa. 1997) (taking judicial notice of search of deeds revealing owners of property because deed was "a matter of public record"); *Wells v. California Home Loan Solutions*, 2007 WL 2915059, at *4, n. 1 (S.D.Cal. 2007) (holding

---

2001; (c) the Mortgage Electronic Registration System ("MERS") "Rules of Membership" publicly available from the MERS website; and (d) a MERS "Press Release," dated May 24, 2007, also publicly available on the MERS website.

[2]   The "Defendants," as used in this memorandum, includes collectively all defendants except MERS who did not join in or file a separate objection to Plaintiffs' Request.

that judicial notice of deed was proper upon showing of copy of deed because "public records such as deeds of trust are self-authenticating documents."); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F.Supp.2d 972, 978 (N.D.Cal. 2005) (holding that un-impeached and certified copies of deeds have been widely held to be proper subjects of judicial notice) (citing cases).

Here, the Deed Search Results are registered with St. Louis County, are publicly available, and are not subject to dispute. Beyond making the baseless claim that the attached documentation is incomplete, Defendants do not contest the authenticity of the Deed Search Results. Tellingly, Defendants fail to identify any missing information or make any argument that would demonstrate how the Deed Search Results are incomplete or how their accuracy could otherwise be subject to dispute. *See* Defendants' Objections at 4-5 (D.I. 61). Moreover, contrary to the Control Defendants' argument, the Deed Search Results quite clearly identify Mortgage Electronic Registration Systems, Inc. as a recording party. Accordingly, the Court may properly take judicial notice of the Deed Search Results.

### C.  MERS Press Release and the Rules of Membership Are Properly Subject to Judicial Notice

Defendants' opposition to judicial notice being taken of the Press Release and the Rules of Membership is predicated entirely on Defendants' misreading of the Third Circuit's holding in *Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007). Defendants inaccurately claim that, "The Third Circuit has **specifically held** that it is **improper** for a district court to take judicial notice of items taken from a company's website." Opposition at 4 (citing *Tieman*, 499 F.3d at 236) (emphasis added). In fact, the Third Circuit never reached such a holding.

3

In *Tieman*, the Third Circuit explained that "Often, marketing material is full of imprecise puffery that no one should take at face value. Thus, courts **should be wary** of finding judicially noticeable facts amongst all the fluff." *Id.* (emphasis added). From the Third Circuit's caution to "be wary of" any "fluff" that may be contained in certain marketing material, Defendants misrepresent the existence of a hard line rule. On the contrary, under the specific facts of *Tieman*, the Third Circuit held that, the district court abused its discretion in taking judicial notice of defendant's website because (1) the Third Circuit had concerns over whether the website at issue was really owned and operated by the defendant;[3] (2) the district court took judicial notice of defendant's own descriptions of the nature of defendant's business, as advertised on defendant's website; and (3) the district court used the judicially noticed descriptions to draw improper, unsubstantiated inferences against the non-moving plaintiff.[4] *Id.* at 236-37.

Despite Defendants' misreading of *Tieman*, "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole*, 499 F.3d at 1225 (citing *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655, n. 1 (6th Cir. 2005) (taking judicial notice of the definition of the term "over-the counter" market, as defined on the National Association of Securities Dealers, Inc.'s

---

[3] *See Id.* at 236 (In finding the judicially noticed marketing materials from defendant's website to be "unauthenticated," holding that, "[a]nyone may purchase an internet address, and so, without proceeding to discovery or some other means of authentication, it is premature to assume that a webpage is owned by a company merely because its trade name appears in the uniform resource locator.").

[4] *See Id.* at 236-37 ("Resolving a thorny issue like reasonableness by resorting to a party's unauthenticated marketing material falls far short of the bar."); *Id* at 237 (holding that the district court's use of the judicially noticed facts to "draw[] inferences *against* the non-moving party so as to dismiss its well-pleaded claims on the basis of an affirmative defense, takes us, as a matter of process, far too far afield from the adversarial context of litigation") (emphasis in original).

website); *Schaffer v. Clinton*, 240 F.3d 878, 885, n. 8 (10th Cir. 2001) (taking judicial notice of Congressman's percentage of votes received in each year he ran for reelection, as contained on *The Political Reference Almanac* website); *McLaughlin v. Volkswagen of America, Inc.*, 2000 WL 1793071, at *1 (E.D.Pa. 2000) (taking judicial notice of description of defendant's product recall as listed on National Highway Traffic Safety Administration's website).

In *O'Toole*, the Tenth Circuit found it proper to take judicial notice of defendant's earnings history as posted on a website that Plaintiff alleged to have been created by the defendant. 499 F.3d at 1225. In fact, in *O'Toole*, the Tenth Circuit found that, because the website was not subject to reasonable dispute, Rule 201(d) mandated that the court take judicial notice of the information found on defendant's website, and thus, the district court "abused its discretion" by failing to take such judicial notice. *Id.*

Rule 201(d) likewise mandates that this Court take judicial notice of the Press Release and the Rules of Membership. The accuracy of these documents cannot be questioned since they were **drafted and published by MERS** and are readily available on MERS' website. In addition, neither the Press Release nor the Rules of Membership can be considered marketing "fluff" or exaggerated "puffery." Significantly, none of the parties to this litigation have disputed that MERS created and operated its company website at the times when the Press Release and the Rules of Membership were posted on the website.[5] Moreover, none of the parties to this litigation has disputed the accuracy or

---

[5] Should this court nonetheless require that the MERS website be authenticated, Plaintiff will make the appropriate request for a statement or affidavit from MERS that it has controlled and operated the website on which the Press Release and the Rules of Membership are found and which remain publicly available. *See Tieman*, 499 F.3d at 236.

5

reliability of the information contained within the Press Release or the Rules of Membership. *See O'Toole,* 499 F.3d at 1225 (judicial notice of information contained on website appropriate where defendant failed to explain "why its own website posting of historical retirement fund earnings is unreliable...In short, [defendant's] failure to dispute its own information contributed to its indisputability."). Accordingly, the Press Release and the Rules of Membership are properly subject to judicial notice.

### D. The Record on Appeal is Properly Subject to Judicial Notice

Defendants fail to show how the relevant portions of the Record on Appeal fail to satisfy the requirements of Rule 201(b). Defendants attempt instead to sidestep the issue of whether the information contained in the Record on Appeal is accurate and disputable by steering this Court towards an inappropriate merits-based inquiry into the Plaintiffs' allegations. In so doing, however, Defendants concede the accuracy of certain portions of the Record on Appeal. Although Defendants may currently disagree with what MERS' senior officers said under oath in 2002, they cannot (and have not), demonstrated or argued that such testimony or representations to the Court were inaccurate when given.

Specifically, Defendants claim that the Court cannot take judicial notice of the fact that, as of 2002, MERS did not issue dividends. According to an impermissible factual declaration submitted by Defendants (D.I. 61-2), MERS may have begun issuing dividends in 2004. *See* Opposition at 3. This argument, however, has no relevance to the issue of whether sworn testimony provided in 2002 was accurate and truthful when given. Indeed, by providing a factual declaration meant to belie Plaintiffs' argument, the Defendants expressly concede the accuracy of Mr. Fleming's testimony in 2002. *Id.* The factual disputes which Defendants attempt to raise concerning MERS' issuance of

dividends in years proceeding Mr. Fleming's testimony go to the merits of Plaintiffs' claims, and are thus not appropriately raised at the motion to dismiss stage. *See Adkins v. Rumsfeld*, 450 F.Supp.2d 440, 444 (D.Del. 2006) ("The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.").

Because Defendants have not shown how any of the court documents or testimony contained in the Record on Appeal is not capable of accurate and ready determination, these documents are properly subject to judicial notice. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (the existence of official court records are not subject to reasonable dispute over their authenticity.).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Request for Judicial Notice.

Dated: June 24, 2008

Respectfully submitted,

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

**Of Counsel:**

**HARWOOD FEFFER LLP**
Robert I. Harwood, Esq.
Jeffrey M. Norton, Esq. (*pro hac vice*)
Roy Shimon, Esq.
488 Madison Avenue
New York, NY 10022
Tel: (212) 935-7400
Fax: (212) 753-3630
rharwood@hfesq.com
jnorton@hfesq.com
rshimon@hfesq.com

By: ___*s/ Carmella P. Keener*___
    Carmella P. Keener (#2810)
Citizens Bank Center, Suite 1401
Wilmington, DE 19899-1070
Tel: (302) 656-4433
Fax : (302) 658-7567
ckeener@rmgglaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE TREVINO and LORRY S. TREVINO, Individually and On Behalf Of All Others Similarly Situated,<br><br>     Plaintiffs,<br>vs.<br><br>MERSCORP, INC., et al.,<br><br>     Defendants. | Case No. 07-568-JJF |

**(PROPOSED) ORDER RE:
PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

  The Court having considered plaintiffs' motion for leave to file surreply (the "Motion"), and all submissions in connection therewith,

  IT IS HEREBY ORDERED that plaintiffs' Motion is GRANTED;

  IT IS FURTHER ORDERED that plaintiffs shall file their surreply in substantially the form submitted as Exhibit A to their Motion within five (5) business days of the entry of this Order.

                _____
                   U.S.D.J.